**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**AT COLUMBIA**

| | | |
|---|---|---|
| **BRADDIE E. SULLIVAN** | ) | |
| | ) | |
| **v.** | ) | **NO. 1:24-cv-00022** |
| | ) | |
| **CONNIE BENSON** | ) | |

**TO: Honorable William L. Campbell, United States Chief District Judge**

**R E P O R T A N D R E C O M M E N D A T I O N**

By Memorandum Opinion and Order entered February 25, 2026 (Docket Entry No. 11), the Court referred this prisoner civil rights action to the Magistrate Judge for pretrial proceedings. For the reasons set out below, the undersigned respectfully recommends that this action be dismissed without prejudice for lack of service of process upon the defendant.

Braddie E. Sullivan ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") confined at the South Central Correctional Center ("SCCC") in Clifton, Tennessee. He filed this lawsuit *pro se* and *in forma pauperis*, seeking relief under 42 U.S.C. § 1983 for violations of his federal constitutional rights alleged to have occurred at that facility. Upon the Court's initial review of the lawsuit, the Court (1) found that Plaintiff stated an arguable claim against a single defendant – SCCC staff member Connie Benson – based on allegations that Benson retaliated against Plaintiff in violation of his First Amendment rights and (2) directed Plaintiff to return a completed service packet to the Clerk's Office within 30 days of the Order so that process could issue to the defendant. Plaintiff was warned that his failure to return a completed service packet could lead to the dismissal of his lawsuit.

To date, Plaintiff has not returned a completed service packet as directed by the Court or otherwise responded in any manner to the Court's February 25, 2026 Order. The docket reflects that Plaintiff's most recent filing was on September 13, 2025, when he filed a motion seeking the appointment of counsel, which was denied by the Court in the February 25, 2026 Order.

Rule 4(c)(1) of the Federal Rules of Civil Procedure states that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Rule 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

Despite the specific directive from the Court to return a completed service packet for the defendant and despite a specific warning from the Court that his case may be dismissed if he fails to comply with that directive, Plaintiff has not returned a completed service packet in the five months since the Court's February 25, 2026 Order. Because Plaintiff has not returned a completed service packet as directed by the Court and has not taken the necessary steps to have the defendant served with process within the time period set out in Rule 4(m), this action must be dismissed in accordance with the plain language of Rule 4(m). Although Plaintiff is proceeding *pro se,* he must still comply with the basic procedural rules that are applicable to all litigants, *see Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Aug. v. Caruso*, 2015 WL 1299888, *6 (E.D. Mich. Mar. 23, 2015) ("*pro se* parties must follow the same rules of procedure that govern other litigants"), and, as the party bringing this lawsuit, he specifically "bears the burden of perfecting

service of process and showing that proper service was made." *Sawyer v. Lexington-Fayette Urb. Cnty. Gov't*, 18 F.App'x 285, 287 (6th Cir. 2001). He has not met this burden, and dismissal of the action is warranted under Rule 4(m). *See Walker v. Donahoe*, 528 Fed.App'x 439, 440-41 (6th Cir. 2013) (affirming the district court's decision to dismiss case because the plaintiff failed to timely perfect service of process).

## RECOMMENDATION[1]

The Court respectfully **RECOMMENDS** this action be **DISMISSED WITHOUT PREJUDICE** in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

Lynda M. Hill

LYNDA M. HILL
United States Magistrate Judge

[1] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action under Rule 4(m), and the fourteen day period for filing objections provides Plaintiff with the opportunity to show good cause for why dismissal is not warranted.